NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANDRE BENNETT,                          :         Civil No. 03-0440 (WJM)

        Petitioner,             :

    v.                                    :         **O P I N I O N**

TERRENCE MOORE, et al.,                 :

                                             :
        Respondents.
                                             :

**APPEARANCES:**

    ANDRE BENNETT, #219039, Petitioner Pro Se
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey  07065

    MICAEL J. WILLIAMS, Deputy Attorney General
    OFFICE OF THE NEW JERSEY ATTORNEY GENERAL
    Division of Criminal Justice, Appellate Bureau
    P.O. Box 086
    Trenton, New Jersey 08625
    Attorneys for Respondents

**MARTINI, DISTRICT JUDGE**

    Andre Bennett ("Bennett"), who is confined at East Jersey State Prison in Rahway, New Jersey, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a), raising a number of grounds for relief.  The State filed an Answer opposing the Petition, accompanied by relevant portions of the State court proceedings.  For the reasons expressed below, the Court will

deny habeas relief, dismiss the Petition and decline to issue a certificate of appealability. See 28 U.S.C. §§ 2254 (a) and (d); 2253 (c) (2).

### I.  BACKGROUND

Petitioner was charged with the April 6 and 14, 1988 robberies and murder of Issac Poteat, a resident in senior citizen housing in Newark, where Petitioner was employed as a security guard. (Answer to Petition, Ex. Re 3., Opinion of the New Jersey Appellate Division in State v. Bennett, A-5046-88T4.)  On May 2, 1989, after a jury trial, Petitioner was convicted of first degree robbery, second degree robbery, and felony murder (Ans., Paragraphs 2 and 4.)  Petitioner was sentenced to an aggregate term of 37 years' imprisonment, with a 30 year term of parole ineligibility.  (Ans., Paragraph 3.)  The New Jersey Appellate Division affirmed his conviction and sentence on May 16, 1991.  (Answer, Ex. Ra 3.), The New Jersey Supreme Court denied certification on July 19, 1991.  (Id.,Ex. Ra. 6.)  Subsequently, on two occasions, Petitioner filed for state post-conviction relief.  Both applications were denied and the denials affirmed by the Appellate Division on November 4, 1996, and March 30, 2000.  (Ans., Ex. Re. 9, 15.)  The New Jersey Supreme Court denied certification of both PCR applications.  Petitioner filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 30, 2003.  (Docket.)  In its Answer, the State opposes the Petition on its merits.

## III.  DISCUSSION

Standards Governing Petitioner's Claims

Section 2254(a) grants federal district courts subject matter jurisdiction to entertain a claim that a state prisoner is in custody in violation of the federal constitution or federal law or treaties.  Section 2254(a) provides, in pertinent part:

> . . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

A habeas corpus petition must "specify all the grounds for relief," and set forth in summary form "the facts supporting each of the grounds thus specified."  See Rule 2 (c) of the Rules Governing Section 2254 Cases in District Courts.  Petitioner has the burden of establishing each claim in the Petition.  See United States v. Abbott, 975 F. Supp. 703,705 (E.D. Pa. 1997).

Under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), federal courts in habeas corpus cases must give deference to determinations of the state courts.  Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996) (citing Parke v. Raley, 506 U.S. 20, 36 (1992)).  Habeas corpus relief must be denied as to

> any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding [28 U.S.C.  § 2254 (d) (1)].

3

The Supreme Court interpreted this standard in Williams v. Taylor, 529 U.S. 362 (2000), explaining that

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. [529 U.S. at 412-13]

See also Marshall v. Hendricks, 307 F.3d 36, 51 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003.). Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. Williams, 529 U.S. at 409-10. In addition, "in certain cases it may be appropriate to consider the decisions of inferior federal courts as helpful amplifications of Supreme Court precedent." Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 890 (3d Cir.), cert. denied, 524 U.S. 824 (1999). Finally, in considering claims raised in a habeas petition, federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002). See also Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996) (citing Sumner v. Mata, 449 U.S. 539, 546 (1981) (section 2254 makes no distinction between the factual determinations of a state trial court and those of a state appellate court)); Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001) (federal court must ". . . afford state courts' factual findings a presumption of correctness, which the

petitioner can overcome only by clear and convincing evidence."). See also 28 U.S.C. § 2254 (e)(1).[1]

The United States Supreme Court also has emphasized that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" because, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-20 (1982); Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997), cert. denied, 522 U.S. 1136 (1998). "[M]ere errors of state law are not the concern of [the federal] Court, unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." Wainwright v. Goode, 464 U.S. 78, 86 (1983) (quoting Gryger v. Burke, 334 U.S. 728, 731 (1948)); see also Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997); United States ex rel. Jacques v. Hilton, 423 F. Supp. 895, 899-900 (D.N.J. 1976). "[I]t is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted), cert. denied sub nom. Dist. Attorney of Bucks County v. Smith, 522 U.S. 1109 (1998); see also Wainright v. Sykes, 433 U.S. 72, 81 (1977) (questions of state substantive law are not federal claims); Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

---

[1] Section 2254 (e)(1) provides: In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

A federal district court may not convert a ground asserting a violation of state law into a ground asserting a violation of the federal constitution.² Nor may the court address a constitutional claim that is apparent from the facts of the case, but is not set forth on the face of the petition as a ground for relief.³ A federal district court must dismiss a habeas corpus petition, summarily or otherwise, if it appears from the face of the petition that petitioner does not claim a constitutional violation. Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); Rule 4 of the Rules Governing Section 2254 Cases.⁴ "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456

---

² See Engle v. Issac, 456 U.S. 107, 119-20 & n.19 (1982) (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights, and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

³ See Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir.), cert. denied, 528 U.S. 911 (1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, the district court may not consider ground, evident from the facts but not raised in the petition, that counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

⁴ Rule 4(c) provides: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." The Advisory Committee Notes to Rule 4 emphasize that "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" (citing Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).

U.S. 107, 120 n.19 (1982); see also James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (3d ed. 1998).

Claims Asserted in the Petition

A.      Ground One

Petitioner claims that his constitutional right to the effective assistance of counsel was violated by the failure of appellate counsel to raise a Miranda issue on direct appeal.  Petition, Ground One.)

Claims of ineffective assistance of counsel are governed by the decision of the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and its progeny.  See also Marshall v. Hendricks, 307 F.3d 36, 84 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003). Under Strickland, Petitioner must first show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment.  Second, Petitioner must show that counsel's deficient performance prejudiced him, resulting in an unreliable or fundamentally unfair outcome of the proceeding.  Strickland, 466 U.S. at 687.  This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, that is, a trial whose result is reliable. Strickland, 466 U.S. at 687; see also Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir.1996). Moreover, "judicial scrutiny of an attorney's competence is highly deferential."  United States v. Hart, Civ. A. No. 00-5204, 2002 WL 318337, *4 (E.D. Pa. Feb. 25, 2002) (quoting Diggs v. Owens, 833 F.2d 439, 444-45 (3d. Cir.1987)).

A deficient performance falls "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.  To establish deficient performance, Petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness."  Id. at 688.  In making an objective evaluation as to counsel's performance, "a court must indulge a strong  presumption that counsel's conduct falls within the wide range of reasonable professional assistance"  and " might be considered sound trial strategy [under the circumstances]." Id. at 689.  Strickland thus imposes a "highly demanding" standard upon a petitioner to prove the "gross incompetence" of his counsel.  Kimmelman v. Morrison, 477 U.S. 365, 382 (1986); Buehl v. Vaughn, 166 F.3d 163, 169 (3d Cir.), cert. denied, 527 U.S. 1050 (1999) (only rarely will a claim of ineffectiveness  succeed under the deferential standard applicable to counsel's performance).

To establish prejudice, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." Strickland, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. See also Stevens v. Delaware Correctional Center, 295 F.3d . 361, 369 (3d Cir. 2002) (citing Strickland).  Under Strickland, Petitioner is required to demonstrate how specific errors undermined the reliability of the guilt-determination process. See United States v. Cronic, 466 U.S. 648, 659 n. 26 (1984).  Absent some effect of defense counsel's conduct on the trial process' reliability, the Sixth Amendment guarantee is generally not implicated.  Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

Petitioner has not met these requirements.  The Court notes that the New Jersey Appellate Division twice considered this claim, once in its decision of November 4, 1996, and in its decision of October 7, 2002.  (Ans. Ex. Re9, Re25.)  In the November 4, 1996 Opinion, the court stated:

> Defendant argues that he is deserving of an evidentiary hearing because his appellate counsel was ineffective for not challenging the admissibility of the two statements he made to the police.  However, defendant has not made any showing that the trial judge's ruling in admitting the statements was incorrect.  Our review of the Miranda hearing and Judge John Dios' detailed findings that the statements were voluntary and in compliance with Miranda indicates that a challenge would have been unsuccessful...Because there was no reasonable likelihood that the trial judge erred in admitting those statements, appellate counsel's strategy was not deficient, and it was unnecessary to hold an evidentiary hearing. [Ans., Ex. Ra-9, Opinion of the New Jersey Appellate Division in State v. Bennett, A-00180-93T4.]

In its October 7, 2002 decision, the New Jersey Appellate Division commented upon this passage as follows:

> Although defendant's appeal from denial of his first PCR application focused on whether the trial court erred in denying defendant an evidential hearing, both the trial court and this court have properly concluded that defendant has failed to demonstrate the ineffective assistance of either his trial or appellate counsel.  The record of the two-day suppression hearing held on April 3 and 4, 1989, reveals defense counsel vigorously resisted the admissibility of defendant's statements.  The trial court ruled defendant's statements were voluntarily given after full compliance with the requirements dictated by Miranda.  Defendant has provided no reasonable basis to challenge that ruling.  Accordingly, defendant has failed to satisfy the first prong of the Strickland test.

Appellate counsel similarly was not ineffective.  See United States v. Sanders, 165 F.3d 248, 253 (3d Cir.1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument).  Given the foregoing analysis, this Court can not conclude that determination of this issue resulted in a decision that was contrary to, or involved an unreasonable application or determination of law or fact.  Williams v. Taylor, supra.  See also Chadwick v. Janecka, 312 F.3d 597, 606 (3d Cir. 2002), cert. denied, 538 U.S. 1000 (2003) (state court's rejection of petitioner's claim without explanation was a decision on the merits and thus entitled to § 2254(d) deference); Barclay v. Spitzer, 2003 WL 24053776, *18

9

(E.D. N.Y September 1, 2003) (state appellate court's determination of meritlessness was not contrary to the standard announced in Williams v. Taylor, supra.).  The Court will deny relief on this claim.

B.     Ground Two

Petitioner further argues that he was denied his constitutional right to a fair trial because the prosecution had made a secret "deal" with a key witness, Sherry Calloway, and that this information was not turned over to the defense, in violation of Brady v. Maryland, 373 U.S. 83 (1963).  (Pet., Memorandum of Law, Ground Two.)  This claim was found to be without merit by the New Jersey Appellate Division.  (Ans., Ex. Ra-9 at p.3; Ex. Ra-25 at pp.10-11.)  In its October 7, 2002 opinion in State v. Bennett, A-6862-00T5 (Ans. Ex. Ra-25.) The Appellate division cited the opinion of the PCR judge below on this issue:

> ...[A] careful review of the record indicates that there were no promises of leniency made by the prosecutor of Essex County to the witness Calloway in exchange for her testimony, nor was any so-called "deal" made between the prosecutor and the witness. [Ans., Ra-25, Opinion of the New Jersey Appellate Division in State v. Bennett, A-6862-00T5, p. 10.]

The Appellate Division, affirming the PCR judge, quoted his conclusion that 'the record clearly indicates that there were no promises , or inducements or "deals" made to the witness in this matter in exchange for her testimony at trial.'(Id., pp. 10-11.)  Petitioner has failed to meet his burden in establishing a constitutional violation in this instance, and this Court can not conclude that the determination of this issue in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision

10

that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Williams v. Taylor, supra.  See also Chadwick, supra;; Barclay, supra.. The Court also will deny relief on this claim.

C.     Ground 3

Petitioner also argues that his constitutional rights of due process and equal protection of the law were violated because the state excluded African-Americans from the jury through its use of peremptory challenges.  (Pet., Memorandum of Law, Ground Three.)  The New Jersey Appellate Division found that Petitioner had not raised this issue below in his second PCR application, and declined to consider it.  (Ans. Ex. Ra-15 at p.8, Opinion of the New Jersey Appellate Division in State v. Bennett, A-2771-98T2.)  Even if this issue is not procedurally defaulted as being raised for the first time some nine years after Petitioner's trial, it is clear that Petitioner can obtain no relief on this ground.

Batson v. Kentucky, 476 U.S. 79 (1986) mandates a three part analysis to determine whether a relevant constitutional violation has occurred.  First, the defendant must make out a prima facie case "by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose." Second, once the defendant has made out a prima facie case, the "burden shifts to the State to explain adequately the racial exclusion" by offering permissible race-neutral justifications for the strikes. Third, "if a race-neutral explanation is tendered, the trial court must then decide ... whether the opponent of the strike has proved purposeful racial discrimination." Wilson v. Beard,   2005 WL 2559716, *11-*12 (3rd Cir. Oct. 13, 2005) (citing Johnson v. California, --- U.S. ----, 125 S. Ct. 2410, 2415-16 (2005) (footnotes and citations omitted).

11

Beyond unsupported generalizations, Petitioner has made no showing that "the totality of the relevant facts gives rise to an inference of discriminatory purpose." As Petitioner has failed to establish a prima facie case for a Batson violation, this Court will deny habeas relief on this claim.

D.    Ground Four

Plaintiff also claims that he was denied his constitutional right to a fair trial by the trial court's conduct towards defense counsel in front of the jury.  (Pet., Memorandum of Law, Ground 4.)  The New Jersey Appellate Division addressed this issue along with others on Petitioner's direct appear in 1991, stating: "We have carefully reviewed the record and, in light of applicable law, we conclude that [Petitioner's] contentions are clearly without merit."  (Ans., Ex. Ra-3 at p.9.)  Moreover, Petitioner in this application has failed to meet his burden to establish this claim. This Court can not conclude that the determination of this issue in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Williams v. Taylor, supra.; Chadwick; supra.; Barclay; supra. Habeas relief also will be denied on this claim.

E.     Ground Five

Finally, Petitioner asserts that he was denied his constitutional right to the effective assistance of counsel because his counsel "did not adequately advise him of his constitutional right to testify." (Pet., Memorandum of Law, Ground Five.)  The Appellate Division found this claim to be without merit, stating:

> With regard to the assertion that defendant was not advised of his right to testify, the trial record demonstrates otherwise.  The trial judge expressly instructed defendant, on the record, of his right to testify, informed defendant tb hat the choice was to be an individual decision made by defendant and indicated that defendant personally decided not to testify.  Additionally, defendant elected to have the trial judge instruct the jury that he has a constitutional right not to testify from which the jury shall not draw any adverse inference... [Ans., Ex. Ra-9, Opinion of the New Jersey Appellate division in State v. Bennett, A-001180-3T4. at pp. 3-4.]

The New Jersey Appellate Division concluded that "Defendant was unable to articulate specific facts which support a finding that defendant had a reasonable likelihood of success under the Strickland test." (Id. at p.7.)  In light of the above, this Court again can not conclude that the determination of this issue in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Williams v. Taylor, supra.; Chadwick; supra.; Barclay; supra. Habeas relief also will be denied on this claim.

Certificate of Appealability

Because the Petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253 (c).  See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

.

### III.  CONCLUSION

Based upon the foregoing discussion, the Court will deny habeas relief, dismiss the Petition and decline to issue a certificate of appealability.  See 28 U.S.C. §§ 2254 (a) and (d); 2253 (c) (2).

An appropriate Order accompanies this Opinion.


s/William J. Martini

**WILLIAM J. MARTINI**
**UNITED STATES DISTRICT JUDGE**


**DATED    November 16, 2005**

_____

16